**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10499

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

PATRICK CONNOLLY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:09-cr-00047-WWB-DCI-1

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Connolly, proceeding *pro se,* appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Connolly argues that the district court

failed to appreciate the seriousness of his medical conditions and his lack of treatment in prison in denying his motion for compassionate release.  He also disputes the district court's findings that he remained a danger to the community and that the 18 U.S.C. § 3553(a) factors weighed against compassionate release.

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.*  Abuse of discretion review "means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion." *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (citation modified).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, makes clearly erroneous factual findings, or commits a clear error of judgment. *Id.* at 911–12.

A district court has no inherent authority to modify a defendant's sentence and may do so only when authorized by statute or rule. *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015).  One such authorization is 18 U.S.C. § 3582(c)(1)(A), which allows a district court, upon the motion of a defendant, to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction," and the reduction would be "consistent with applicable

policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(a). Thus, a district court may reduce a term of imprisonment under § 3582(c)(1)(A)(i) "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38.

The § 3553(a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the crime, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from further crimes of the defendant, provide the defendant with needed medical care in the most effective manner; and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Sentencing Guidelines. 18 U.S.C. § 3553(a)(1)–(2), (4).

The weight given to any § 3553(a) factor is committed to the discretion of the district court, *Tinker*, 14 F.4th at 1241, and we will not second guess this weighing so long as the sentence is reasonable under the circumstances, *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). Additionally, while "we do not automatically presume a sentence within the guidelines range is reasonable, we

ordinarily expect [such] a sentence . . . to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (citation modified). We liberally construe *pro se* filings. *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024).

Here, the district court did not abuse its discretion in finding that the § 3553(a) factors weighed against Connolly's early release considering the seriousness of his sexual exploitation offense and the need to provide just punishment, protect the public, provide adequate deterrence, and promote respect for the law. Moreover, the weight to assign these factors relative to Connolly's rehabilitative efforts, age, medical conditions, and recidivism risk assessments fell within the district court's sound discretion, and because the court reasonably exercised this discretion, we will not disturb its weighing of the § 3553(a) factors.

**AFFIRMED.**